# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

Aminter, LLC,

        Plaintiff,

v.

MacDermid Printing Solutions, LLC,

        Defendant.

CIVIL ACTION NO.
1:09-cv-00002-JOF

## **OPINION & ORDER**

This matter is before the court on Plaintiff's motion for leave to file Plaintiff's brief in response to Defendant's motion for summary judgment [37].

Plaintiff filed the present suit in Fulton County State Court in November of 2008. Defendant removed to this court on January 2, 2009. The case arises out of a purported contract between the parties, and Plaintiff is alleging breach of that contract by Defendant and requesting damages, costs, and attorneys' fees. Defendant filed a motion for summary judgment on January 11, 2010 [32]. Plaintiff did not file a timely response brief, and instead, on February 17, 2010, Plaintiff filed the present motion for leave to file a response brief [37].

Plaintiff states that all though its response was due February 4, 2010, it mistakenly thought it had until February 16, 2010 to file its brief pursuant to "the Georgia state court system 30 days . . . deadline." Plaintiff states that it contacted Defendant's counsel seeking an extension, but Defendant refused. Plaintiff argues that there has been minimal delay and no prejudice to Defendant. However, if Plaintiff is denied leave to file its response brief, it will suffer great prejudice. Plaintiff attached its proposed response brief and accompanying exhibits to the present motion. It requests the court enter an order allowing the late filing and deeming its response as having been filed on February 17, 2010.

In response, Defendant argues that Plaintiff should have known at least as of February 5, 2010 that its response brief was late because Plaintiff was notified through this court's electronic filing system that Defendant's motion for summary judgment had been submitted to this court for decision. Defendant also makes several other arguments about why Plaintiff should have known when its response brief was due. Defendant does not, however, argue that it has or will suffer any prejudice if Plaintiff is allowed to file its response brief.

Plaintiff's motion for leave to file a response was filed only two weeks after its response was due, and Defendant has not argued that granting Plaintiff's motion would prejudice Defendant. The court may, in its discretion, decline to consider untimely briefs. Local Rule N.D. Ga. 7.1(F). However, the court will allow Plaintiff to file its reply brief,

2

AO 72A
(Rev.8/82)

which will be deemed to have been filed as of the date of this order. Defendant may file a reply brief, if it so chooses, within twenty (20) days of the date of this order. Plaintiff's motion is GRANTED IN PART and DENIED IN PART [37]. The Clerk of the Court is DIRECTED to file Plaintiff's reply brief and attached exhibits as of the date of this order.

**IT IS SO ORDERED** this 31st day of March 2010.

                                              /s   J. Owen Forrester
                                              J. OWEN FORRESTER
                               SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)